UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LUIS FERNANDO OLIVERA MURILLO,

       Petitioner,

v.                                   Case No. 3:26-cv-864-MMH-MCR

FIELD OFFICE DIRECTOR,
ENFORCEMENT AND REMOVAL
OPERATIONS, MIAMI FIELD OFFICE,
IMMIGRATION AND CUSTOMS
ENFORCEMENT, et al.,

       Respondents.

_____

## ORDER

Petitioner Luis Fernando Olivera Murillo, an immigration detainee, initiated this action by filing, through counsel, a Verified Petition for Writ of Habeas Corpus (Doc. 1) on April 13, 2026. He is proceeding on an Amended Verified Petition for Writ of Habeas Corpus (Doc. 5; Amended Petition). According to Murillo, he is a citizen of Honduras who entered the United States on December 7, 2013. Id. at 9. A few days later, the Department of Homeland Security issued Murillo a Notice to Appear and released him on his own recognizance. Id. at 10. On March 31, 2026, Murillo was arrested while driving to work. Id. He remains in the custody of United States Immigration and Customs Enforcement at Baker Correctional Institute. Id. The crux of Count

One of Murillo's Amended Petition is that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Id. at 11. As relief, he seeks, inter alia, immediate release. Id. at 12.

Respondent Warden filed a Motion to Dismiss (Doc. 11), arguing he is not a proper respondent in this case. The Federal Respondents filed an Opposition to Petition for Writ of Habeas Corpus (Doc. 12; Response), asserting that Murillo is detained under 8 U.S.C. § 1226(a), and conceding that to the extent he seeks an individualized bond hearing, the Eleventh Circuit Court of Appeals' recent decision in Hernandez Alvarez v. Warden, Federal Detention Center Miami, 175 F.4th 1258 (11th Cir. 2026), controls this case. See Response at 2–3. Murillo filed a counseled Reply (Doc. 13; Reply). He asks the Court, among other things, to apply Hernandez Alvarez to his case and direct that he be released or be afforded an individualized bond hearing. Reply at 1, 4.

When Murillo was detained in March 2026, he was not seeking entry at the border; therefore, he is not subject to § 1225 and instead is detained under § 1226.[1] See id. at 1285 (recognizing the "longstanding border-interior

---

[1] Insofar as the Federal Respondents argue that Murillo failed to exhaust his administrative remedies prior to filing this case, the Court rejects that argument. At the time Murillo filed this case, any administrative request for a bond hearing would have been futile, because the Board of Immigration Appeals (BIA) had conclusively determined that immigration judges had no authority to consider bond requests from

distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1.      Murillo's Amended Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 5) is **GRANTED** as to Count One.[2] Within **seven days** of this Order, Respondents shall either afford Murillo an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Murillo, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2.      Respondent Warden, Baker Correction Institution's Motion to Dismiss (Doc. 11) is **DENIED.** See, e.g., Fonseca, 2026 WL 1072778, at *4–5.

---

noncitizens like Murillo. See In re Yajure Hurtado, 29 I. & N. Dec. 216, 220–28 (BIA 2025). Because the BIA had "predetermined" the issue, requiring Murillo to pursue administrative remedies before the Petition was filed would have been futile. McCarthy v. Madigan, 503 U.S. 140, 148 (1992) (recognizing that a petitioner need not exhaust administrative remedies if "the administrative body is shown to be biased or has otherwise predetermined the issue before it"); see, e.g., Fonseca v. Ripa, No. 3:26-cv-309-MMH-MCR, 2026 WL 1072778, at *2 (M.D. Fla. Apr. 21, 2026) ("Requiring [the petitioner] to appeal [the immigration judge's denial of his request for a custody redetermination] to the BIA or make any further administrative request for a bond hearing would be futile."); Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr., No. 25-24535-CIV, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025) ("Since the result of [the p]etitioner's custody redetermination and any subsequent bond appeal to the BIA is nearly a foregone conclusion under Matter of Yajure Hurtado, any prudential exhaustion requirements are excused for futility.").

[2] Because the Court finds that Murillo is entitled to relief on his assertion that Respondents are violating the Immigration and Nationality Act by classifying him under § 1225, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

3

3.      The **Clerk** is directed to terminate any motions, enter judgment granting the Amended Petition as to Count One, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of June, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 6/4
c:
Counsel of Record